UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Dickens Etienne,
    Petitioner

    v.                                Case No. 18-cv-1156-SM
                                    Opinion No. 2020 DNH 008

Michelle Edmark, Warden,
New Hampshire State Prison,
    Respondent


**O R D E R**


Dickens Etienne brings this petition seeking habeas corpus relief from his 2004 state court conviction for first degree murder. See 28 U.S.C. § 2254. Respondent moves to dismiss the petition, asserting that it is untimely because it was filed more than one year after the date on which Etienne's conviction became final. See 28 U.S.C. § 2244(d)(1)(A). Etienne objects, asserting that his petition is, in fact, timely. Alternatively, he says he is entitled to the benefit of equitable tolling of the relevant limitations period. Failing that, Etienne claims that because he advances a viable claim of actual innocence, he should be permitted to pursue his otherwise time-barred petition.

For the reasons discussed, the respondent's motion to dismiss is denied, albeit without prejudice to refiling later if circumstances warrant.

**Governing Law**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and its amendments to 28 U.S.C. § 2254 establish a one-year limitations period for state prisoners to file a federal petition for habeas corpus relief. Typically, that period expires one year from the date on which the state court judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The running of that limitations period is, however, subject to statutory tolling. So, for example, the one-year filing limitation does not begin to run until the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Similarly, the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). Finally, there are limited circumstances under which the running of the limitations period may be equitably tolled. See Holland v. Florida, 560 U.S. 631, 645 (2010); Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010).

Etienne invokes several of those tolling provisions in support of his assertion that his habeas petition is timely filed.

**Background**

On January 28, 2004, Etienne fatally shot Larry Lemieux in the head. In November of that year, Etienne was convicted of first degree murder and is currently serving a sentence of life in prison, without the possibility of parole. Seven years after his trial, on December 21, 2011, the New Hampshire Supreme Court resolved Etienne's direct appeal and affirmed his conviction. Etienne then had 90 days within which to file a petition for certiorari to the United States Supreme Court. He elected not to do so. Consequently, at the expiration of those 90 days, his conviction became "final" and the one year limitations period set forth in 28 U.S.C. § 2244(d)(1) began to run.[1]

---

[1] Because Etienne elected not to seek appellate review of his conviction by the Supreme Court, the respondent has used the date on which the New Hampshire Supreme Court affirmed Etienne's conviction (December 21, 2011) as the reference point, at which the limitations period began to run. For consistency, the court will do the same. That means that Etienne had 455 days from that date (i.e., 90 days to appeal to the Supreme Court plus 365 days under section 2244(d)(1)) to file his federal habeas petition.

3

The dates and events most relevant to Etienne's federal habeas petition are as follows:

| | |
|---|---|
| November 23, 2004 | Convicted of First Degree Murder in Hillsborough County Superior Court, Manchester, New Hampshire. |
| December 21, 2011 | New Hampshire Supreme Court affirms Etienne's conviction. The limitations period in 28 U.S.C. § 2244(d)(1) begins to run and Etienne has 455 days to file a federal habeas corpus petition. |
| December 20, 2012 | Etienne files a motion for new trial (construed as motion for habeas corpus). Limitations period is tolled. 364 days elapsed. 91 days remain. |
| August of 2015 | A staff psychiatrist at New Hampshire State Prison diagnoses Etienne with schizophrenia, paranoid type.<br><br>Etienne claims this is when he "discovered" the factual basis for his habeas claims (i.e., ineffective assistance of trial counsel for having failed to investigate his mental status and the possibility of diminished capacity defenses). |
| January 23, 2017 | Etienne amends his still pending state habeas petition to advance claims related to his mental health. |
| June/July 2017 | State habeas court conducts a three-day evidentiary hearing on Etienne's state habeas petition. |
| January 23, 2018 | State habeas court denies Etienne's petition. Limitations period begins running again. 91 days remain. |
| February 22, 2018 | Etienne files a Notice of Discretionary Appeal with New Hampshire Supreme Court. Limitations period is again tolled. 30 days elapsed. 61 days remain. |

4

| | |
|---|---|
| March 29, 2018 | New Hampshire Supreme Court denies Etienne's appeal. Limitations period begins running again. 61 days remain. |
| May 29, 2018 | Limitations period expires. |
| December 13, 2018 | Etienne files his federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. |

**Discussion**

By those calculations, Etienne's habeas petition was filed 198 days after the limitations period expired and is plainly untimely.

But, says Etienne, he did not discover (and could not, through the exercise of due diligence, have discovered) the factual predicate for his claims - that is, the fact that he suffers from a mental impairment - until August of 2015, when he was first formally diagnosed with schizophrenia. So, he argues, the one-year limitations period did not begin to run until that date. See 28 U.S.C. § 2244(d)(1)(D). Moreover, because his state petition for habeas corpus was pending at that time, the limitations period was immediately tolled. See 28 U.S.C. § 2244(d)(2). Only upon the state court's denial of his habeas petition (January 23, 2018) did the one-year federal limitations period begin to run. And, that period was tolled again when, on

5

February 22, 2018, he filed his notice of appeal with the New Hampshire Supreme Court. Finally, says Etienne, the limitations period began to run again when his appeal was denied, on March 29, 2018. Consequently, Etienne claims that when he filed his pending petition for federal habeas relief on December 13, 2018, it was within the applicable one-year limitations period as he calculates it.

Alternatively, Etienne says he is entitled to the benefit of equitable tolling of the limitations period, due to extraordinary circumstances that "stood in his way and prevented him from filing his petition in a timely fashion including his lack of access to the discovery in this case and his mental health issues during the period of time when the post-conviction motion was due to be filed." Petitioner's Memorandum (document no. 5) at 1.[2]

Finally, Etienne claims that newly discovered evidence (in the form of his 2015 schizophrenia diagnosis) establishes that he is actually innocent of the crime of conviction - that is,

---

[2] It does appear that, for some period of time, Etienne was denied access to discovery in his case. According to respondent, "the trial court issued a protective order for discovery after the petitioner was caught engaging in witness tampering, for which he was convicted in 2011." Reply Memorandum (document no. 17) at 3.

his mental disorder rendered him incapable of forming the requisite mens rea to be guilty of first degree murder. Thus, says Etienne, he must be allowed to pursue his otherwise time-barred claims. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations.").

Etienne's claimed entitlement to statutory tolling and/or equitable tolling appears, at least on this record, to be non-frivolous.[3] And, the parties dispute whether he should have (or could have) discovered the factual predicates to his claims in a more timely manner. They also disagree as to whether his mental illness was so acute that it severely impaired his ability to timely pursue legal relief on his own behalf or through counsel. So, as was the case in Hart v. Warden, No. 18-cv-424-SM, 2019 DNH 205 (D.N.H. Dec. 6, 2019), it is unlikely that the court can

---

[3] It is less clear whether, based solely on his schizophrenia, Etienne can avail himself of the so-called "actual innocence" gateway to federal review of untimely petitions. See, e.g., Riva v. Ficco, 803 F.3d 77, 84 (1st Cir. 2015) ("Neither we nor the Supreme Court has decided whether an insanity defense, if proven, amounts to proof of actual innocence and thus a basis for passing through the gateway the AEDPA leaves open to late filers.").

7

resolve the respondent's motion to dismiss solely on the record presently before the court. Rather, an evidentiary hearing would probably be required, as would the testimony of psychiatric experts (who would, of course, first have to examine Etienne and review more than twenty years of his medical records). See generally Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010).[4]

Given that, a more efficient approach to resolving Etienne's claims would be to bypass the timeliness issue for now in favor of exploring the merits of his claims, returning to the timeliness issue if there appears to be any substantive merit to his petition. See, e.g., Trussell v. Bowersox, 447 F.3d 588, 591 (8th Cir. 2006) ("[B]ecause neither the statute of limitations nor procedural default constitutes a jurisdictional bar to our review, we shall, in the interest of judicial economy, proceed to the merits of Trussell's petition.") (citations omitted); See also Cooper v. Calderon, 274 F.3d

---

[4] At this juncture, it does not appear that this court must defer to the state habeas court's factual findings concerning Etienne's mental impairment, its effect on his ability to form the requisite metal intent to commit first degree murder, or its impact on his ability to meaningfully assist trial counsel. The presumption of correctness afforded such factual findings, as set forth in 28 U.S.C. § 2254(d)(2) and (e)(1), applies when the court is resolving the merits of a petitioner's claim(s), not when it is considering the preliminary question of whether those claims have been presented in a timely manner.

1270, 1275 n.3 (9th Cir. 2001) (bypassing equitable tolling argument and resolving petition on the merits); Schaff v. Montana, 2017 WL 6816075, at *1 (D. Mont. Dec. 18, 2017) ("Although Schaff's petition is still likely time-barred and procedurally defaulted, at this juncture it is more efficient to proceed to the merits.") (citing 28 U.S.C. § 2254(b)(2) and Lambrix v. Singletary, 520 U.S. 518, 525 (1997)); Verba v. Wofford, 2016 WL 126728, at *2 (C.D. Cal. Jan. 11, 2016) ("Respondent contends that Grounds Three and Five are untimely and procedurally barred . . . However, the Court will not address these issues since the Court retains the discretion to address and deny claims on the merits even if the claims are alleged to be untimely.") (collecting cases).

The written decision issued by the state habeas court is comprehensive and based upon evidence presented at a three-day hearing, including "expert testimony about schizophrenia and Etienne's mental health history before and after the murder trial." State Habeas Decision (document no. 3-5) at 1. Moreover, the legal issues presented by Etienne's petition do not seem particularly complicated and would appear to lend themselves to relatively straight-forward analysis on the record presented. Consequently, it certainly appears that the more efficient means by which to resolve Etienne's habeas petition is

9

to turn directly to its merits. If that assumption proves incorrect, the court can always return to respondent's preliminary arguments regarding timeliness.

## Conclusion

Respondent's motion to dismiss Etienne's habeas corpus petition as untimely (document no. 13) is denied, albeit without prejudice to renewing it later if circumstances warrant. In the interim, however, the respondent shall, on or before **February 14, 2020**, file a dispositive motion addressing the merits of Etienne's petition. Etienne may then respond on or before **March 13, 2020.**

**SO ORDERED.**

                                      _____
                                      Steven J. McAuliffe
                                      United States District Judge

January 14, 2020

cc: Donna J. Brown, Esq.
     Elizabeth C. Woodcock, Esq.